The Honorable Jerry Hinshaw State Representative Route #4, Box 444A Springdale, AR 72764
Dear Mr. Hinshaw:
This is in response to your request for an opinion concerning a proposed ordinance to be enacted by the Board of Directors of Siloam Springs, which employs a city administrator form of government. Specifically, you have asked whether the proposed ordinance conflicts with the statutory or implied powers of the City Administrator or the Board of Directors. The proposed ordinance is outlined in eleven steps. Each step will be addressed seriatim below. The Arkansas law controlling the enactment and implementation of this proposed ordinance is A.C.A.14-48-101 et seq.
Step 1: A yearly election shall be held to elect employees to a grievance board.
This election is not provided for under Arkansas law. Arkansas Code Annotated 14-48-124 provides in pertinent part:
 (a)(1) The board of directors may from time to time, by ordinance, create, reorganize, or abolish, except as provided in 14-48-106, any municipal departments, offices, employments, boards, authorities, commissions, and agencies and fix the term of employment and compensation of each appointee.
 (2) The city administrator, with the approval of the board, shall appoint the personnel to serve in the departments, offices, employments, boards, authorities, commissions, and agencies. (Emphasis added.)
As can been seen from the statute, the proper procedure is for the city administrator to appoint the personnel on the new grievance board, subject to the approval of the Board of Directors.
Step 2: Each department shall have an elected representative.
Nothing in A.C.A. 14-48-101 et seq. prevents this step.
Step 3: All elected representatives shall meet once each month with an administrative representative and present grievances for discussion with all department heads. The administrative representative shall be the moderator and shall be appointed by the City Administrator.
This step presents no problem, as long as the administrative representative's appointment is approved by the Board of Directors as required by 14-48-124.
Step 4: The administrative representative shall discuss grievances with the City Administrator, who shall approve or reject the grievance board's decision.
Step 4 presents no problem because A.C.A. 14-48-117(1), which outlines the powers of the City Administrator, provides: "To the extent such authority is vested in him through ordinance enacted by the board of directors, he may supervise and control all administrative departments, agencies, offices, and employees." Thus, the City Administrator's power to approve or reject the decision is granted by statute.
Step 5: The administrative representative shall discuss each grievance at the next scheduled monthly meeting with the department heads.
Step 5 presents no problem under Arkansas law.
Step 6: The administrative representative will advise the department head and the employee of the grievance board's decision.
Step 6 presents no problem under Arkansas law. Step 7: The employee may file a written request for appeal within three working days.
Step 7 presents no problem under Arkansas law.
Step 8: The department head will discuss the appeal with the City Administrator.
Step 8 presents no problem under Arkansas law.
Step 9: The City Administrator may change the grievance board's decision, if so, the matter is closed.
Again, this step presents no problem under Arkansas law as long as the Board of Directors has given the City Administrator this power pursuant to 14-48-117(1).
Step 10: In the event the City Administrator does not change the decision, the employee's grievance shall be discussed at the next regularly scheduled meeting of the Board of Directors.
Step 10 presents no problems under Arkansas law.
Step 11: The Board of Directors shall affirm or reverse the appeal.
Step 11 presents no problem because the Board of Directors can retain the power of final review pursuant to 14-48-110(2) which vests "all powers and authority" in the board which were vested in the prior governing body.
It appears the only revisions necessary to conform the proposed ordinance with Arkansas law are: 1) provide for the appointment of the members of the grievance board by the City Administrator with the approval of the Board of Directors, rather than by election; and 2) provide for the Board of Director's approval of the appointment of the administrative representative.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.